# Illinois Official Reports

## Appellate Court

*People v. Kane*, 2013 IL App (2d) 110594

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY D. KANE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0594 |
| Filed<br>Rehearing denied | December 5, 2013<br>April 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the dismissal of defendant's petition under section 2-1401 of the Code of Civil Procedure and his postconviction petition alleging that the State used "false perjured testimony" at his sentencing hearing and that his claim that his counsel's failure to investigate the matter deprived him of effective assistance of counsel, since defendant stipulated to the use of the testimony, he did not present any evidence controverting the testimony, the trial court exercised its discretion in determining whether to appoint an attorney to represent defendant as to his claims, and the issues raised in the postconviction petition had been raised and adjudicated in his direct appeal and were *res judicata* and "frivolous or patently without merit." |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 05-CF-2260; the Hon. Victoria A. Rossetti, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Alan D. Goldberg and Bryon M. Reina, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's office, of counsel), for the People.

Panel      JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Hudson concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Timothy D. Kane, appeals from the trial court's orders dismissing his amended petition for relief from judgment, which was brought pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)), and his petition for postconviction relief, brought pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). We affirm.

¶ 2                   I. BACKGROUND

¶ 3      After entering an open plea of guilty to one charge of escape (720 ILCS 5/31-6(c) (West 2004)), defendant was sentenced to a term of 20 years in prison. Following his sentencing, defendant filed motions to reconsider his sentence, for new counsel, and to withdraw his guilty plea. He also filed a *pro se* amended motion, dated November 19, 2007, to withdraw his guilty plea and vacate his sentence, in which he alleged that he had received ineffective assistance of counsel.

¶ 4      Central to defendant's postjudgment filings was a transcript of the grand jury testimony of Lake County sheriff's deputy Raymond Gilbert. The transcript was one of several grand jury transcripts the State presented in aggravation at sentencing, and defendant had stipulated that, if called at trial, the officers would have testified to the information contained in the transcripts. Before the grand jury, Gilbert had testified that defendant resisted as Gilbert and Deputy Paavilainen attempted to arrest him. When asked whether defendant "picked you up and threw you on the ground," Gilbert answered, "Yes." He also testified that defendant placed his hand on Paavilainen's holster and touched the gun's handle. Both Gilbert and Paavilainen sustained injuries. Defendant argued that Gilbert's testimony was not supported by his police report and that the State misrepresented the evidence, because defendant had not picked up Gilbert or thrown him.

- 2 -

¶ 5 After a hearing on December 10, 2007, the trial court denied all of defendant's postjudgment motions, and defendant appealed. This court remanded the cause for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). *People v. Kane*, No. 2-07-1274 (2008) (unpublished order under Supreme Court Rule 23).

¶ 6 On August 15, 2008, defendant filed a motion to withdraw his guilty plea and a supplemental motion to reconsider his sentence. As in his original motion to reconsider, defendant alleged, among other things, that the State "embellished officer testimony in the sentencing hearing" in its use of Gilbert's grand jury testimony. After a hearing, the trial court denied the motions, and defendant appealed on September 17, 2008.

¶ 7 On March 26, 2009, defendant filed a *pro se* petition under section 2-1401 of the Code, alleging that the transcript of Gilbert's grand jury testimony contained what the State should have known was "false perjured testimony." Defendant alleged that he had brought this matter to the attention of the court and his trial counsel during the December 10, 2007, hearing on his motion to reconsider. He also alleged that he received ineffective assistance from his trial counsel because counsel failed to investigate the matter.

¶ 8 Defendant attached to his section 2-1401 petition the transcript of a deposition given by Deputy Gilbert in September 2008 in the course of a civil case in federal court. When asked whether, in fact, defendant had picked him up and thrown him to the ground, as Gilbert had testified before the grand jury, he answered, "No. I believe I misinterpreted the question as when Timothy Kane carried us–when I say–we were holding on to [*sic*] him and he dragged or carried us out to the front is what I was saying yes to." When asked if he actually saw defendant's hand on Paavilainen's holster or gun handle, Gilbert stated that he had not; he had learned those facts in a conversation with Paavilainen.

¶ 9 The trial court dismissed the section 2-1401 petition on the State's motion, and defendant appealed the dismissal. This court consolidated both of the appeals in *People v. Kane*, 404 Ill. App. 3d 132 (2010), in which we affirmed the trial court's judgment in the direct appeal but vacated the dismissal of the section 2-1401 petition and remanded that cause for further proceedings.

¶ 10 In January 2011, defendant filed a *pro se* amended section 2-1401 petition, again seeking relief based on the trial court's use at his sentencing hearing of Gilbert's grand jury testimony, which allegedly contained "perjury/misinformation" and "double hearsay allegations." In addition, defendant filed a *pro se* postconviction petition under the Act in March 2011, in which he argued that "testimony and factors in aggravation used to seek a more severe sentence can be proved to be false and/or perjured, making it not worthy to be believed or used in sentencing." Defendant alleged that he had not received a fair sentencing hearing because of the use of Gilbert's grand jury testimony and that his trial counsel failed to investigate the potential variances and call a known witness, Mitchell Saunders, who would have refuted Gilbert's testimony.

¶ 11 Following a hearing at which no further evidence was presented, the trial court dismissed with prejudice defendant's amended section 2-1401 petition. The court later summarily dismissed defendant's postconviction petition as frivolous and patently without merit. Defendant now appeals from both of those orders.

¶ 12                                    II. ANALYSIS

¶ 13        Defendant first contends that the trial court erred in dismissing his amended section 2-1401 petition. Section 2-1401 provides for relief from final orders and judgments after 30 days but before 2 years from entry. 735 ILCS 5/2-1401 (West 2010); *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 323 (2010). A section 2-1401 proceeding is a new proceeding, not a continuation of the case that resulted in the judgment that it challenges. *Kane*, 404 Ill. App. 3d at 139. It is a civil remedy that extends to both civil and criminal cases and is subject to the usual rules of civil practice. *Id*. A section 2-1401 petition provides a forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and the court at the time that judgment was entered, which, if then known, would have prevented its rendition. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). However, it is not designed to provide a general review of all trial errors or to substitute for a direct appeal. *Id*. A section 2-1401 petition may not be used to obtain relief for issues previously raised at trial or in other collateral proceedings. *Id*.

¶ 14        "In general, to be entitled to relief pursuant to section 2-1401, a petitioner must affirmatively set forth specific factual allegations supporting[:] (1) the existence of a meritorious defense or claim; (2) due diligence in presenting that defense or claim to the trial court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Rockford Financial Systems, Inc.*, 403 Ill. App. 3d at 323-24.

¶ 15        Both defendant and the State acknowledge the conflict between panels of this court regarding the appropriate standard of review applicable to section 2-1401 proceedings. See, *e.g.*, *Rockford Financial Systems, Inc.*, 403 Ill. App. 3d 321 (abuse of discretion); *Mills v. McDuffa*, 393 Ill. App. 3d 940 (2009) (*de novo*). However, we need not address the standard of review because, under either standard, we would affirm.

¶ 16        Defendant's amended section 2-1401 petition sought relief based on the State's use of Gilbert's grand jury testimony in aggravation at defendant's sentencing hearing, describing the testimony as "perjury/misinformation" and alleging that it contained "double hearsay." Defendant alleged in his original section 2-1401 petition, filed in March 2009, that "[d]uring the December 10, 2007 Reconsideration Hearing," he "brought this matter to the Courts [*sic*] attention and Defense Counsel (John Bailey) failed to investigate the matter." During that hearing (actually while arguing regarding his motion for new counsel), defendant argued to the court:

        "We had agreed to grand jury testimony, stipulated testimony of an officer's testimony at a grand jury proceeding where the officer had said that I had thrown him to the ground, but I believe that my attorney should of [*sic*] got those officers in the court to dispute their testimony because both of the officers that were in the hotel room, which this case was only used as an aggravating factor in the escape case. Both of those officers' original testimonies of that hotel room, neither one of the officers said anybody got thrown in that hotel room. And then the State not only said that I threw the officer, but he said I picked the officer up and threw him across the room like I was superhuman."

¶ 17    As we have stated, a section 2-1401 petition may not be used to obtain relief for issues previously raised at trial or in other collateral proceedings. See *Haynes*, 192 Ill. 2d at 461. Clearly, in 2007, more than a year before he filed his initial section 2-1401 petition, defendant raised in the trial court the issue of the veracity of Gilbert's grand jury testimony as it affected his sentence. While he did not specifically question the veracity as it related to touching Paavilainen's gun, all of Gilbert's grand jury testimony was contained in a transcript of less than four pages.

¶ 18    We further note the following colloquy that took place at the sentencing hearing regarding the grand jury minutes:

> "MR. LaRUE [assistant State's Attorney]: I believe we would stipulate that if the officers were called to testify, they would testify to the information contained in the grand jury minutes.
>
> THE COURT: Mr. Bailey [defense counsel], have you gone over the transcripts of the grand jury with Mr. Kane?
>
> MR. BAILEY: I have.
>
> THE COURT: Mr. Kane, did you go over all of this with Mr. Bailey?
>
> THE DEFENDANT: Yes, Ma'am.
>
> THE COURT: Do you have any questions regarding the stipulation?
>
> THE DEFENDANT: No, Ma'am.
>
> THE COURT: You agree to stipulate to the information contained in the grand jury minutes with regard to each of those charges?
>
> MR. BAILEY: Just to make it clear, we are stipulating that that's what the officers would say.
>
> THE COURT: Correct?
>
> THE DEFENDANT: Yes, Ma'am."

¶ 19    "Under the invited error doctrine, an accused may not request to proceed in one manner and later contend on appeal that the course of action was error." *People v. Carter*, 208 Ill. 2d 309, 319 (2003); *People v. Hill*, 345 Ill. App. 3d 620, 633 (2003). A party who agrees to the admission of evidence through a stipulation is estopped from later complaining about that evidence being stipulated into the record. *People v. Calvert*, 326 Ill. App. 3d 414, 419 (2001). Here, the record shows that defendant stood by when the court was told that counsel had "gone over the transcripts of the grand jury" with defendant; defendant then agreed that counsel had gone "over all of this," told the court that he had no questions regarding the stipulation, and agreed that he was "stipulating that that's what the officers would say." Defendant, obviously, was present in the hotel room during his struggle with Gilbert and Paavilainen, and he would have known if Gilbert's description of that event was false or inaccurate. Having not presented evidence to controvert the stipulated testimony, defendant may not now complain that this stipulated testimony was not worthy of consideration and that the court's judgment, based upon such consideration, was error.

¶ 20    This court can affirm the trial court's judgment on any ground supported by the record. *People v. Horrell*, 235 Ill. 2d 235, 241 (2009); *People v. Sanchez*, 2013 IL App (2d) 120445, ¶ 27. Here, defendant's amended section 2-1401 petition raised an issue inappropriate for relief in this collateral attack, both because defendant invited the alleged error and because defendant raised the issue previously. Whether reviewed *de novo* or for an abuse of discretion, we find no error in the trial court's dismissal of defendant's amended section 2-1401 petition.

¶ 21    Defendant next contends that the trial court erred by failing to appoint an attorney to represent him for the hearing on his section 2-1401 petition. There is no statutory basis for the appointment of counsel in a section 2-1401 proceeding. *People v. Gaines*, 335 Ill. App. 3d 292, 295-96 (2002). However, neither is the appointment of counsel expressly prohibited. See *People v. Pinkonsly*, 207 Ill. 2d 555 (2003) (involving the question of ineffective assistance of appointed counsel in a section 2-1401 proceeding); *People v. Muniz*, 386 Ill. App. 3d 890, 892 (2008). Where the trial court is neither required to, nor prohibited from, taking an action, the court will be said to have discretion to do or not do that action. "A trial court commits error when it refuses to exercise discretion based on the erroneous belief that it does not have discretion." *People v. Pinkston*, 2013 IL App (4th) 111147, ¶ 14.

¶ 22    Here, defendant points to the following statement of the trial court as proof of the court's failure to exercise its discretion: "Mr. Kane, the statute does not allow for the Court to appoint an attorney and so I will not." However, defendant does not address this statement by the trial court, made moments later, after defendant cited and argued *Pinkonsly* to the court: "What I indicated was that the statute does not call for me to have to appoint you an attorney, and I will not appoint you an attorney, but I'm happy to give you time so that you can explore hiring another attorney, and I'm happy to give you 30 days, however long you wish to have." Whether the trial court misspoke when it told defendant that the Code did not allow appointment of an attorney or it stood corrected after defendant cited *Pinkonsly*, the trial court clearly acknowledged that, while appointment of an attorney was not prohibited, neither was it "called for," and the trial court decided that it "will not" appoint an attorney, not that it "could not." This clearly shows that the trial court did not fail to exercise its discretion.

¶ 23    Defendant also argues that the trial court's failure to appoint counsel "frustrated this court's opinion remanding [defendant's] case." Defendant describes this court, in our opinion in *Kane*, 404 Ill. App. 3d 132, as recognizing that defendant's *pro se* petition "raised a potentially meritorious claim" and as "unconvinced after the hearing on the State's motion to dismiss that [defendant's] claims were frivolous." Because of this, according to defendant, "the circuit court should have done everything that it could to ensure that [defendant] had a meaningful evidentiary hearing."

¶ 24    In *Kane*, this court noted that, while defendant's "allegations of perjury and prejudice might appear strained, we cannot say that they could never be proved." *Id.* at 140. We concluded that the trial court had improperly relied on matters outside of the four corners of defendant's petition and remanded the cause so that defendant could "be given the opportunity to proceed further on the petition." *Id.* The issue of appointed counsel was neither raised nor addressed in *Kane*, and nothing that this court said therein could be fairly read to imply that the appointment of counsel was recommended, let alone required, to implement our judgment on

- 6 -

remand. We find no abuse of discretion in the trial court's refusal to appoint counsel for defendant.

¶ 25    Defendant next contends that the trial court erred in summarily dismissing his *pro se* postconviction petition. In his petition, defendant alleged that: (1) he was denied the due process of a fair and impartial sentencing hearing by the State's use of false or perjured testimony; and (2) he received ineffective assistance of counsel in that trial counsel failed to investigate and call witnesses who could have contradicted the State's false evidence at the sentencing hearing.

¶ 26    The Act provides a method by which a person under criminal sentence in this state can assert that his conviction was the result of a substantial denial of his rights under the United States Constitution or the Illinois Constitution or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction petition not involving the death penalty involves three stages; at the first stage, the trial court must, within 90 days of the filing of the petition, independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or patently without merit. *Id.* at 10. At this stage, a *pro se* defendant need allege only enough facts to make out the "gist" of a constitutional claim. *Id.* at 9. While the court must take the allegations as true, it may consider them in light of the trial record and dismiss the petition if they are contradicted by the record. *People v. Coleman*, 183 Ill. 2d 366, 382 (1998). In addition, the phrase "frivolous or patently without merit" encompasses the common-law doctrines of *res judicata* and forfeiture such that claims that were, or could have been, raised and adjudicated are barred and are subject to summary dismissal at the first stage. *People v. Blair*, 215 Ill. 2d 427, 442-46 (2005). If the trial court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. *Hodges*, 234 Ill. 2d at 10. Our review of a trial court's dismissal of a postconviction petition is *de novo*. *Id.* at 9.

¶ 27    The issue of the State's use of allegedly false or perjured testimony was raised and adjudicated in defendant's direct appeal. See *Kane*, 404 Ill. App. 3d at 138-39. Further, defendant raised the issue of ineffective assistance of counsel for failure to investigate in his *pro se* amended motion to withdraw his guilty plea and vacate his sentence, at the hearing on his postjudgment motions, and in his original section 2-1401 petition, filed in March 2009. Thus, the issues of allegedly false or perjured testimony and ineffective assistance of counsel are *res judicata* and, as a matter of law, "frivolous or patently without merit." See *Blair*, 215 Ill. 2d at 442-46. Further, as we stated earlier (*supra* ¶ 19), defendant himself knew what transpired during the struggle in the hotel room and he failed to contradict the allegedly false and inaccurate description of the event, inviting the claimed error by stipulating to the testimony. The use of invited error as a basis for postconviction relief is clearly frivolous and patently without merit. Therefore, we find no error here.

¶ 28    For these reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 29    Affirmed.