NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170561-U

NO. 4-17-0561

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| STANLEY MARTIN MILLER, | ) | No. 12CF828 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's guilty plea foreclosed his arguments on appeal that (1) he had not committed a qualifying offense for the purposes of the armed-habitual-criminal statute and (2) the armed-habitual-criminal statute is unconstitutionally vague on its face.

¶ 2    Defendant, Stanley Martin Miller, appeals from the trial court's third-stage denial of his postconviction petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). He contends this court should vacate his armed-habitual-criminal conviction because (1) his prior conviction of domestic battery with bodily injury does not serve as a qualifying predicate felony for the offense and (2) the statute is unconstitutionally vague on its face. For the reasons that follow, we affirm the court's order denying defendant postconviction relief.

¶ 3                                I. BACKGROUND

¶ 4    In September 2012, the State filed a six-count indictment charging defendant with various weapon violations. In July 2014, defendant pleaded guilty to count I, the offense of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2010)). The State alleged defendant knowingly possessed a .44-caliber Ruger Redhawk handgun after having been previously convicted of unlawful use of a weapon by a felon and "the forc[i]ble felony of domestic battery, bodily harm." In exchange for defendant's fully negotiated guilty plea to this count, as well as his guilty plea to three other charges in three separate criminal cases, the State agreed to dismiss all remaining charges in seven separate felony and traffic cases then pending against defendant. Pursuant to the plea agreement, the trial court sentenced defendant to 6 years in prison on count I and consecutive terms of 2 years each on his guilty plea in the other three cases for a total aggregate term of 12 years. Defendant filed no postplea or postsentencing motions nor a direct appeal.

¶ 5    On November 26, 2014, the circuit clerk filed a handwritten letter from defendant to the trial court stating his trial counsel had misrepresented his sentences. Defendant said: "I was told that it would all be at 50%." Defendant said when he got to prison, he learned he would be required to serve 85% of the 6-year term on his armed-habitual-criminal conviction. He said: "[T]hat's *not* what [he] agreed to[.]" (Emphasis in original.)

¶ 6    The trial court promptly responded to defendant by letter informing him the court had lost jurisdiction after 30 days from sentencing. The court explained, although there were limited exceptions to continuing jurisdiction, none of those exceptions applied. The court wrote:

> "In addition, I requested the court reporter to prepare a transcript of the proceedings held on July 10, 2014[,] in order to ensure no promises of a fifty percent sentence in case [No.] 12-CF-828 were made as part of the plea agreement. No promises were made on the record, the written plea agreement does not include

any such promise, and the [j]udgment-[s]entence to Illinois Department of Corrections (a copy of which is also included with this letter) specifically states you are required to serve eight[y] five percent of the sentence."

¶ 7 On November 18, 2015, defendant filed a *pro se* postconviction petition, alleging his trial counsel was ineffective for telling him during plea negotiations that the plea deal was that "all his sentences would be served consecutive to each other at 50%." Defendant claims he would not have accepted the plea had he known he was required to serve 85% of his six-year term. He alleged "counsel's deficient performance deprived [him] of his right to be reasonably informed as to the direct consequences of accepting that offer." He attached affidavits from himself and his wife. Each recounted their version of the plea-agreement conversation with trial counsel. He alleges there was "a reasonable probability that the circuit court would have accepted an agreement of 50% sentences [ ] had negotiations continued."

¶ 8 On March 1, 2016, after its review, the trial court advanced defendant's petition to the second stage and appointed counsel to represent defendant. Counsel filed a supplemental petition adding an allegation that defendant's six-year sentence on his armed-habitual-criminal conviction should be set aside as unconstitutional pursuant to a retroactive application of *Johnson v. United States*, 576 U.S.____, ___, 135 S. Ct. 2551, 2563 (2015), wherein the United States Supreme Court found the imposition of an increased sentence under the arguably similar Armed Career Criminal Act's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) violated the due-process clause for being unconstitutionally vague.

¶ 9 The State filed an answer to defendant's supplemental petition, denying any constitutional infirmity in the armed-habitual-criminal statute. Later, the State filed a motion to dismiss defendant's *pro se* postconviction petition which alleged the ineffective assistance of

counsel claiming (1) defendant waived his claim by failing to file a direct appeal and (2) his allegations are insufficient to demonstrate prejudice.

¶ 10     On July 28, 2017, the trial court conducted a third-stage evidentiary hearing, finding defendant's affidavits, taken as true, were sufficient "at this time" to defeat the State's motion to dismiss. First, the State offered a stipulated proffer of trial counsel Steven Skelton's testimony if he were called to testify. The parties stipulated that Skelton would testify if called that he could not specifically recall his advice to defendant about sentencing time required to be served.

¶ 11     Defendant and his wife both testified that Skelton advised and confirmed, on multiple occasions during their plea conference, that defendant's sentences would all be served at 50%.

¶ 12     The trial court took judicial notice of various orders and judgments related to defendant's sentences and, after considering the evidence and arguments of counsel, the court ruled in the State's favor, denying defendant's (1) postconviction petition on ineffective-assistance-of-counsel grounds and (2) supplemental petition on constitutional grounds.

¶ 13     This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15     Defendant claims his conviction for being an armed habitual criminal must be vacated for two reasons. One, he claims the State failed to charge him with a viable offense. And two, he claims the armed-habitual-criminal statute is unconstitutionally vague on its face. He does not appeal the trial court's denial of his ineffective-assistance-of-counsel claim.

¶ 16     For his first contention of error, defendant claims his 2003 domestic-battery conviction, upon which the State relied in the indictment as defendant's second predicate conviction, does not qualify as a forcible felony for the purposes of the armed-habitual-criminal

statute. 720 ILCS 5/24-1.7(a)(1) (West 2010). He claims, because domestic battery, even with the accompanying bodily harm finding, does not meet the definition of a forcible felony under the residual clause of subsection (a)(1), it cannot be used as a predicate felony necessary to uphold an armed-habitual-criminal conviction.

¶ 17    In support of his assertion, defendant relies on the First District's opinion in *People v. White*, 2015 IL App (1st) 131111—a case which, according to defendant, was strikingly similar to the case at bar in that it "dealt with this specific offense in this specific context." The *White* court held the defendant's prior conviction of domestic battery with bodily harm did not qualify as a forcible felony. *Id.* ¶ 28. The court came to this conclusion after examining the statutory language as a whole and considering the legislature's specific exclusion of mere bodily harm (as opposed to great bodily harm) from qualifying forcible felonies. *Id.* ¶ 40. As a result of its analysis, the court vacated the defendant's conviction of the armed-habitual-criminal offense—a conviction entered after a bench trial. *Id.* ¶ 42.

¶ 18    Here, defendant prefaces his argument by acknowledging a likely claim of forfeiture from the State. Defendant acknowledges he neither specifically raised this issue in his *pro se* postconviction petition nor in counsel's supplemental petition. However, he urges this court to review the issue despite forfeiture because (1) postconviction counsel rendered unreasonable assistance, "like a claim of ineffective assistance" (citing *People v. Lawton*, 212 Ill. 2d 285, 296 (2004) (a claim of ineffective assistance does not bar appellate review of a claim not asserted in a posttrial motion)), (2) his claim is "directly akin to a challenge to the sufficiency of the evidence in a direct appeal" (a recognized exception to the forfeiture rule), and (3) he is actually innocent of the charged offense since his prior convictions do not satisfy the required elements.

¶ 19    As anticipated, in response, the State contends this court need not address defendant's claim because of his "multi-tiered procedural default." The State claims defendant is raising this non-qualifying-offense claim for the first time in this appeal. And, for that reason, the State claims, defendant has forfeited review.

¶ 20    For his second contention of error, defendant relies on the United States Supreme Court case of *Johnson* to argue that the residual clause of the armed-habitual-criminal statute is unconstitutionally vague on its face. See *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2563. In *Johnson*, the Supreme Court held the residual clause of the federal Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)) was unconstitutionally vague due to its ambiguity in identifying crimes that "present[ ] a serious potential risk of physical injury to another[.]" *Id.* at 2558. Defendant claims the "armed habitual criminal statute contains a direct parallel to the [federal act's] residual clause," and thus, this court should likewise render the armed-habitual-criminal statute unconstitutionally vague.

¶ 21    Defendant argues that either of these two contentions of error support his claim that his armed-habitual-criminal conviction should be vacated. However, what he does not raise in this appeal is a claim challenging the validity of his negotiated guilty plea. Because the validity of his plea is undisputed on appeal, we hold, *de novo*, that he remains bound by his guilty plea and that his claims of innocence and a violation of due process cannot be entertained.

¶ 22    During his guilty-plea hearing, wherein he was represented by counsel, the court admonished defendant as follows:

> "THE COURT: All right. Let's keep moving forward here, which is: Do you understand that you don't have to plead guilty to any of these charges, *you*

*could require that the State prove you guilty by a burden of proof of beyond a reasonable doubt*?

THE DEFENDANT: Yes, sir.

THE COURT: And that by pleading guilty you will be giving up and waiving any and all rights to a trial, whether it be a jury trial or a bench trial. [The court explains procedures for a jury trial.]

\* \* \*

THE COURT: All right. You also need to be made aware that if you plead guilty, then you would be waiving your right to a bench trial. [The court explains procedures for a bench trial.] \*\*\* Do you understand that *by pleading guilty you're going to be giving up and waiving each of those rights*?

Do you understand what rights you're giving up by pleading guilty, Mr. Miller?

THE DEFENDANT: Yeah.

\* \* \*

THE COURT: \*\*\* And so what I need to confirm with you then is, do you understand what rights you are giving up when you plead guilty, and is that what you want to do?

THE DEFENDANT: Yes." (Emphases added.)

The trial court accepted defendant's guilty plea, finding it to be knowingly and voluntarily entered.

¶ 23    Defendant does not challenge the validity of his plea; he does not claim that his guilty plea was uninformed or involuntary. Rather, he claims that his conviction entered upon that plea cannot stand because either he did not commit the offense, in that he did not satisfy the

- 7 -

elements of the crime or, the statute under which he was charged was facially unconstitutionally vague. In other words, he now claims he is innocent of the crime to which he pleaded guilty and/or the statute under which he was charged is infirm. By pleading guilty, defendant waived his right to a trial and to the State's burden to prove he committed the crime beyond a reasonable doubt. See *Hill v. Cowan*, 202 Ill. 2d 151, 154 (2002). By pleading guilty, defendant waived all non-jurisdictional defects in the indictment. *People v. Jackson*, 23 Ill. 2d 475, 477 (1962) (the defendant cannot challenge the State's information after a guilty plea). That includes nonjurisdictional defenses that are constitutional in nature. *People v. Townsell*, 209 Ill. 2d 543, 545 (2004).

¶ 24 Defendant cannot knowingly and voluntarily plead guilty in the trial court and then turn around and complain to a reviewing court that he is innocent of the charged offense. This court has previously described a guilty plea in the following manner: "After being fully admonished and while represented by counsel, defendant affirmatively and voluntarily procured his own conviction by pleading guilty. He expressly consented to a procedure whereby the court would convict him of [the charged crime] without proof." *People v. Reed*, 2019 IL App (4th) 170090, ¶ 26 (this court held a defendant cannot raise an actual innocence claim in a postconviction petition after pleading guilty). As we stated in *Reed*, this is akin to invited error, the basis of which for postconviction relief has been ruled as clearly frivolous and patently without merit. *Id.* (citing *People v. Kane*, 2013 IL App (2d) 110594, ¶ 27).

¶ 25 Likewise, defendant's guilty plea effectively waived his facial constitutional challenge to the statute. By pleading guilty, defendant admitted committing the offense specifically alleged in the indictment. His admission included the allegation that he had been convicted of domestic battery in 2003 and subsequently, that this conviction qualified as a predicate felony. His constitutional challenge that the statute's residual clause is so vague that an individual cannot

discern what actually qualifies as a forcible felony contradicts the terms of the indictment and his first argument in this appeal. See *Class v. United States*, ___ U.S. ___, 138 S. Ct. 798, 805 (2018) ("[A] valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." (Internal quotation marks omitted.))

¶ 26 Again, defendant has not challenged the validity of his guilty plea. Therefore, in the face of a valid, knowing, and voluntary plea, this court is left with defendant's waiver of any and all nonjurisdictional defenses or defects, including his constitutional challenges.

¶ 27 III. CONCLUSION

¶ 28 For the reasons stated, we affirm the trial court's judgment.

¶ 29 Affirmed.