2024 IL App (2d) 230336-U
No. 2-23-0336
Order filed May 14, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-1915 |
| KYAI GIBSON, | ) ) | Honorable D. Christopher Lombardo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: We agree with appellate counsel that there is no potentially meritorious basis for appeal. Therefore, we grant counsel's motion to withdraw, and we affirm the trial court.

¶ 2    Defendant, Kyai Gibson, appeals from the summary dismissal of his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) for relief from his conviction of violating an order of protection (720 ILCS 5/12-3.4(a)(2) (West 2016)). The Office of the State Appellate Defender (OSAD), appointed to represent him on appeal, has moved to

withdraw. For the reasons below, we grant the motion and affirm the summary dismissal of defendant's petition.

¶ 3                              I. BACKGROUND

¶ 4     Defendant was found guilty after a jury trial. Evidence presented at trial established that on August 31, 2017, defendant's wife, Yashira Gonzalez, obtained a plenary order of protection, which would expire on August 31, 2019. The order of protection, which was served on defendant by a Lake County deputy sheriff on September 1, 2017, required defendant to stay at least 500 feet from Gonzalez and her child and to refrain from having contact with them in any way, including telephone, e-mail, or text. On August 26, 2019, defendant texted Gonzalez, asking whether he could walk her child to school. Gonzalez saw the texts while driving her child to school and denied defendant's request. When Gonzalez arrived at her child's school, defendant's car was there. She told him to leave and said she was calling the police. Defendant then left. Zion police officer Leticia Thornton testified for the defense that on August 26, 2019, she was dispatched to locate defendant. Thornton spoke with defendant, who told her he thought the order of protection had expired on August 10, 2019.

¶ 5     Defendant appealed from his conviction. He argued, *inter alia*, that (1) the State failed to prove beyond a reasonable doubt that he was aware the order of protection was still in force on August 26, 2019, and (2) remarks by the State during closing argument deprived him of a fair trial. *People v. Gibson*, 2021 IL App (2d) 200355-U, ¶ 2 (*Gibson I*). Defendant argued that the State's remarks were, among other things, in violation of the trial court's pretrial ruling that barred the State from mentioning that, at the time of the incident, defendant's probation for a prior offense prohibited him from having any contact with Gonzalez. *Id.* ¶¶ 9, 30. We rejected defendant's contentions and affirmed his conviction. *Id.* ¶ 2.

¶ 6    On August 2, 2023, defendant filed a petition for relief under the Act, alleging, in pertinent part, that he "was notified by the \*\*\* [c]ircuit [c]lerk prior to [his] [a]rrest, that there was no valid order of protection in the system."  He further alleged that (1) "[d]uring closing arguments, the [p]rosecutor [d]isclosed information to the [j]ury[ ] that prejudiced the [d]efendant and ultimately deprived him of a [f]air [t]rial" and (2) "the words of the [p]rosecutor[ ] were [f]orbidden by the [j]udge before the [t]rial, specifically so that the [d]efendant would recieve [*sic*] [a] [f]air [t]rial."  Defendant did not specify the allegedly improper comment by the prosecutor.  On August 25, 2023, the trial court entered a written order summarily dismissing the petition.  See 725 ILCS 5/122-2.1(a)(2) (West 2022).  Defendant filed a notice of appeal, and OSAD was appointed to represent him.

¶ 7                                    II. ANALYSIS

¶ 8    Counsel moves to withdraw per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993).  In his motion, counsel states that he read the record and found no issue of arguable merit.  Counsel further states that he advised defendant of his opinion.  Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit.  We advised defendant that he had 30 days to respond to the motion.  Defendant did not respond.

¶ 9    Counsel suggests two potential issues: (1) whether the trial court followed the proper procedure in summarily dismissing defendant's petition and (2) whether the trial court erred on the merits in summarily dismissing the petition.  Counsel concludes that neither issue is arguably meritorious.  We agree.

¶ 10   The Act provides a mechanism for a criminal defendant to obtain relief from a conviction that resulted from a substantial denial of his or her constitutional rights.  725 ILCS 5/122-1(a)(1)

(West 2022). Within 90 days after the petition is filed and docketed, the trial court reviews the petition without input from the State (*People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)) and enters a written order summarily dismissing the petition if it is frivolous or patently without merit. See 725 ILCS 5/122-2.1(a)(2) (West 2022). The written order shall include the trial court's findings of fact and conclusions of law. *Id.* Here, the trial court adhered to these requirements. Accordingly, there is no arguably meritorious basis for a procedural challenge to the summary dismissal of defendant's petition.

¶ 11 We likewise agree with counsel that there is no arguably meritorious basis for challenging the trial court's determination that the petition was subject to summary dismissal. We first address defendant's claim that the State made improper comments during closing argument. As noted, summary dismissal is proper when a petition is frivolous or patently without merit. See *id.* "[T]he phrase 'frivolous or patently without merit' encompasses the common-law doctrines of *res judicata* and forfeiture such that claims that were, or could have been, raised and adjudicated [on direct appeal] are barred and are subject to summary dismissal at the first stage." *People v. Kane*, 2013 IL App (2d) 110594, ¶ 26. Defendant's claim that the State disclosed forbidden information (which defendant does not specify) to the jury is reminiscent of his argument on direct appeal that the State told the jury, in violation of a pretrial ruling, that defendant was on probation at the time of the incident. *Gibson I*, 2021 IL App (2d) 200355-U, ¶¶ 9, 30. We rejected this argument. *Id.* ¶ 30. Moreover, even if defendant intended in his petition to challenge a different remark by the State, such a claim would also be barred because it could have been raised on direct appeal along with defendant's other challenges to the State's remarks. See *Kane*, 2013 IL App (2d) 110594, ¶ 26. Therefore, as counsel concludes, defendant's claim of improper conduct by the

State is barred under *res judicata* and so is devoid of merit. Accordingly, it would be frivolous to challenge the summary dismissal of this claim.

¶ 12    Counsel argues that the same reasoning applies to defendant's claim that he was notified by the circuit clerk before his arrest that there was no valid order of protection in the system. Although defendant challenged on direct appeal the sufficiency of the evidence to establish that he was aware that there was a valid order of protection in effect, it does not appear that the challenge was based on information allegedly received from the circuit clerk. See *Gibson I*, 2021 IL App (2d) 200355-U, ¶¶ 20-23. Arguably, defendant's postconviction claim could be characterized not as a challenge to the sufficiency of the evidence (which, apart from considerations of *res judicata*, simply is not cognizable in a postconviction proceeding (see *People v. Dixon*, 2022 IL App (1st) 200162, ¶ 45)), but as an "actual innocence" claim.

¶ 13    However, summary dismissal was proper even if the claim is characterized as an actual innocence claim. A claim of actual innocence must be supported by evidence that is newly discovered, material, noncumulative, and " 'of such conclusive character that it would probably change the result on retrial.' " *People v. Ortiz*, 235 Ill. 2d 319, 333 (2009) (quoting *People v. Morgan*, 212 Ill. 2d 148, 154 (2004)). We fail to see how defendant's allegation that he was told by the circuit clerk before his arrest that no valid order of protection was in effect could possibly be considered newly discovered evidence. Thus, from the standpoint of an "actual innocence" theory, defendant's claim is frivolous and patently without merit, and there is no arguably meritorious basis for an appeal from the summary dismissal of that claim.

¶ 14    After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Lake County.

¶ 15                              III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 17    Affirmed.