NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250135-U

NO. 4-25-0135

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stephenson County |
| KODY WALSH, | ) | No. 08CF136 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James M. Hauser, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Harris and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's dismissal of defendant's petition for relief from judgment where defendant's conviction was not based on a facially unconstitutional statute and thus could not be collaterally attacked as void.

¶ 2    On February 4, 2009, defendant, Kody Walsh, pleaded guilty to aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2008)) and theft of property under $300 (720 ILCS 5/16-1(a)(1)(A) (West 2008)). He subsequently filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) on May 18, 2023, asserting that the trial court should vacate his AUUW conviction because the AUUW statute was facially unconstitutional. The court granted the State's motion to dismiss the petition. Defendant timely appealed, and the court appointed counsel to represent him.

¶ 3    Counsel now seeks to withdraw pursuant to the procedure in *Anders v. California*,

386 U.S. 738 (1967), contending that any argument she might make would be meritless. Defendant was given notice that he had the opportunity to respond to the motion to withdraw, but he did not file a response. We grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        On June 11, 2008, the State charged defendant with robbery (720 ILCS 5/18-1 (West 2008)) and theft of property under $300 (720 ILCS 5/16-1(a)(1)(A) (West 2008)), alleging that defendant took three cases of beer and six packs of wine coolers from Kevin Hill "by threatening the imminent use of force" and "with the intent to deprive Kevin Hill permanently of the use of said property."

¶ 6        On February 4, 2009, the State filed an amended information charging defendant with robbery (720 ILCS 5/18-1 (West 2008)), theft (720 ILCS 5/16-1(a)(1)(A) (West 2008)), and four counts of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (D), (H), (I) (West 2008)). On that day, the parties informed the trial court that they had an agreement, whereby defendant would plead guilty to AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2008)) and theft of property under $300 (720 ILCS 5/16-1(a)(1)(A) (West 2008)) in exchange for a two year sentence on each conviction. The court admonished defendant, accepted his guilty plea, and sentenced him to concurrent terms of two years of imprisonment.

¶ 7        On May 18, 2023, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)), contending that the AUUW statute was facially unconstitutional and therefore void following the Illinois Supreme Court's decisions in *People v. Aguilar*, 2013 IL 112116, and *People v. Burns*, 2015 IL 117387. He requested appointed counsel. The State moved to dismiss defendant's petition, arguing that (1) the petition was not properly served on the State; (2) the petition was untimely and no exception applied

because the judgment was not void; (3) a petition for relief from judgment is intended to raise a mistake of fact, not law; and (4) although a different subsection of the AUUW statute had been found unconstitutional, the subsection of the AUUW statute under which defendant was convicted was found to be constitutional. The State also requested the imposition of sanctions against defendant for raising frivolous claims.

¶ 8    The trial court held a hearing in October 2023. Defendant reiterated his request for counsel. The court explained that "this is technically a civil proceeding, and although I do have discretion to appoint counsel, at this point I am not going to do that." The court gave defendant an opportunity to file a written response to the State's motion to dismiss, which defendant filed on January 30, 2024. In his response, defendant asserted primarily that the AUUW statute as a whole was facially unconstitutional.

¶ 9    At a status hearing on February 2, 2024, the trial court granted the State time to file a reply in support of its motion to dismiss, and then the following exchange occurred:

"THE COURT: Anything further from your perspective, [defendant]?

THE DEFENDANT: No, that's it, thank you.

THE COURT: Yes, Mr. Bauling [(assistant state's attorney)], anything further from your perspective?

MR. BAULING: No, sir, thank you.

THE COURT: Enjoy your day, [defendant].

THE DEFENDANT: You too.

THE COURT: Did you raise statute of limitations in your response or your motion to dismiss?

MR. BAULING: I would have thought Mr. Biagi [(assistant state's

attorney)] did in the previous one.

THE COURT: Okay. Just want to make sure.

MR. BAULING: But I will—I will dedicate the rest of my afternoon to read that motion as well.

THE COURT: The statute of limitations the vast majority of the times is a viable defense for you folks.

MR. BAULING: So again, I only read this like the first week or two or something after I came in and it was not an insubstantial original motion to dismiss but I thought one of them the time frame was wrong, but I will look into that."

The State thereafter filed a reply in support of its motion to dismiss on April 30, 2024, reiterating its previous arguments. At a hearing in June 2024, the court asked defendant if he would like an opportunity to file a written reply, and defendant declined, stating, "No, I'll pass on that; I'll just go with the written motion that I already submitted and the response."

¶ 10    In a written order entered January 15, 2025, the trial court dismissed defendant's petition for relief from judgment. The court found that because it possessed jurisdiction to enter the judgment against defendant in 2009, the judgment was not void and the petition for relief was untimely filed more than two years after the entry of the order. The court also found that even if the petition were not time barred, it "still must be dismissed because it has no legal merit." The court explained that although other subsections of the AUUW statute were found to be unconstitutional by the Illinois Supreme Court, the subsection to which defendant pleaded guilty was found by the supreme court to be constitutional.

¶ 11    This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13         Appellate counsel moves for leave to withdraw. Counsel supports her motion with

a memorandum, which states that she considered raising several issues on defendant's behalf:

(1) whether the trial court properly dismissed defendant's petition for relief from judgment and

(2) whether the court complied with the rules of civil procedure in (a) affording defendant notice

and an opportunity to respond to the State's motion to dismiss, (b) declining to appoint counsel for

defendant, and (c) potentially engaging in *ex parte* communications with the State after a hearing.

Counsel explains why she concluded that none of these issues has arguable merit.

¶ 14                     A. Denial of Petition For Relief From Judgment

¶ 15         A petition for relief from judgment under section 2-1401 of the Code authorizes "a

trial court to vacate or modify a final order or judgment in civil and criminal proceedings" and is

"an independent and separate action from the original action." *Warren County Soil & Water*

*Conservation District v. Walters*, 2015 IL 117783, ¶ 31. A section 2-1401 proceeding typically

"must be filed more than 30 days from entry of the final judgment or order but not more than 2

years after that entry." *Warren County*, 2015 IL 117783, ¶ 31. Usually,

> "[t]o be entitled to relief under section 2-1401, the petitioner must affirmatively set
>
> forth specific factual allegations supporting each of the following elements: (1) the
>
> existence of a meritorious defense or claim; (2) due diligence in presenting this
>
> defense or claim to the circuit court in the original action; and (3) due diligence in
>
> filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209,
>
> 220-21 (1986).

¶ 16         Though a petition under section 2-1401 "is ordinarily used to bring facts to the

attention of the trial court which, if known at the time of judgment, would have precluded its entry

[citation], a section 2-1401 petition may also be used to challenge a purportedly defective judgment for legal reasons." (Internal quotation marks omitted.) *Warren County*, 2015 IL 117783, ¶ 31. Section 2-1401(f) establishes that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2022). Under this section, the Illinois Supreme Court has held that "the general rules pertaining to section 2-1401 petitions *** do not apply" and "[p]etitions brought on voidness grounds need not be brought within the two-year time limitation." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). A petitioner may collaterally attack a final judgment as void where (1) "the court that entered the final judgment lacked personal or subject matter jurisdiction" or (2) the judgment is "based on a facially unconstitutional statute that is void *ab initio*." *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32. A petition "that raises a purely legal challenge to a judgment by alleging that it is void under subsection (f) of section 2-1401." is reviewed by an appellate court *de novo*. *Warren County*, 2015 IL 117783, ¶ 47.

¶ 17 Here, defendant's section 2-1401 petition raises a purely legal challenge that his AUUW conviction is based on a facially unconstitutional statute that is void *ab initio*. We note that the trial court found that the judgment that defendant was challenging was *voidable*, not *void,* because the court in 2009 "clearly possessed jurisdiction to enter the judgment against defendant," and a voidable judgment "is one entered erroneously by a court having jurisdiction." (Internal quotation marks omitted.) However, a judgment may be void either because the court lacked jurisdiction *or* because the judgment was based on a facially unconstitutional statute. See *Thompson*, 2015 IL 118151, ¶¶ 31-32; see also *In re N.G.*, 2018 IL 121939, ¶ 38 (recognizing that where "a conviction is based on an unconstitutional law, that conviction is not only erroneous but is illegal and void and cannot be the legal cause of punishment"). Thus, if defendant is correct that

the AUUW statute is facially unconstitutional, his conviction would be void, not merely voidable. As a result, "the general rules pertaining to section 2-1401 petitions *** do not apply," and his petition "need not be brought within the two-year time limitation." *Sarkissian*, 201 Ill. 2d at 104. We must therefore examine whether, as defendant argues, the AUUW statute is facially unconstitutional.

¶ 18    To be convicted of AUUW, the State must prove that a defendant carried "any pistol, revolver, stun gun or taser or other firearm" "on or about [their] person," either outside of their home (720 ILCS 5/24-1.6(a)(1) (West 2008)) or on the public way (720 ILCS 5/24-1.6(a)(2) (West 2008)). The State also must prove one of the ten nine factors in subsection (a)(3). 720 ILCS 5/24-1.6(a)(3)(A)-(I) (West 2008). In this case, defendant was convicted of AUUW under subsections (a)(1) and (a)(3)(I) for being "in possession of a handgun" while not on his own land, "under 21 years of age," and not "engaged in lawful activities under the Wildlife Code [520 ILCS 5/1.1 *et seq.* (West 2008)]." 720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2008).

¶ 19    The Illinois Supreme Court has found that subsections (a)(1), (a)(3)(A) and (a)(2), (a)(3)(A) of the AUUW statute are facially unconstitutional. *People v. Aguilar*, 2013 IL 112116, ¶ 22; *People v. Burns*, 2015 IL 117387, ¶ 25; *People v. Mosley*, 2015 IL 115872, ¶ 25; see 720 ILCS 5/24-1.6(a)(1), (a)(2), (a)(3)(A) (West 2008) (prohibiting an individual from carrying an "uncased, loaded, and immediately accessible" firearm while outside their home or on the public way).

¶ 20    However, just because subsection (a)(3)(A) was deemed facially unconstitutional does not mean the remaining eight subsections are also unconstitutional. When a portion of a statute has been deemed unconstitutional and consequently removed, the remaining statutory provisions may still be preserved "if what remains is complete in and of itself, and is capable of

being executed wholly independently of the severed portion." *Mosley*, 2015 IL 115872, ¶ 30. In *Mosley*, the supreme court specifically held that subsection (a)(3)(I) was severable from the unconstitutional subsection (a)(3)(A), as "the legislature would find that subsection[ ] *** (a)(3)(I) can stand independently without the inclusion of subsection factor (a)(3)(A)." *Mosley*, 2015 IL 115872, ¶ 31. The court subsequently found that section (a)(3)(I) is independently constitutional, as "the restriction on persons under the age of 21 who are not engaged in lawful hunting activities is both historically rooted and not a core conduct subject to second amendment protection" and "provides for multiple exceptions and exemptions to protect the rights of law-abiding persons under the age of 21." *Mosley*, 2015 IL 115872, ¶ 37.

¶ 21 Here, defendant pleaded guilty to AUUW under subsection (a)(3)(I). The supreme court clearly held that this subsection is both constitutional and severable from the unconstitutional subsection (a)(3)(A). *Mosley*, 2015 IL 115872, ¶¶ 31, 37. Defendant cannot challenge the constitutionality of other subsections of the AUUW statute, as they are irrelevant to his conviction. See *Mosley*, 2015 IL 115872, ¶ 11 (explaining that "courts do not rule on the constitutionality of a statute where its provisions do not affect the parties"). Because defendant's conviction for AUUW under subsection (a)(3)(I) is not void *ab initio*, he was not entitled to relief from the judgment, and the trial court properly granted the State's motion to dismiss his petition.

¶ 22 Appellate counsel lastly mentions defendant's argument that he was under "legal duress" that exempted him from the two-year statute of limitations due to his continuous incarceration for first degree murder. However, regardless of timeliness, the only argument he asserted in his petition—the unconstitutionality of the AUUW statute—failed on the merits, as discussed above, and he is thus not entitled to relief. We agree with appellate counsel that there is no nonfrivolous argument that she could raise on this issue.

¶ 23                              B. Compliance with Rules of Civil Procedure

¶ 24                                  1. *Notice and Opportunity to Respond*

¶ 25        Appellate counsel explains there is no basis to challenge whether defendant received notice and a meaningful opportunity to respond to the State's motion to dismiss his petition. We agree.

¶ 26        A claim that a party's procedural due process rights were violated by the failure to receive a meaningful opportunity to respond presents a question of law to be reviewed *de novo*. *People v. Stoecker*, 2020 IL 124807, ¶ 17. The United States and Illinois Constitutions guarantee an individual's right to procedural due process, which "entitles an individual to the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Stoecker*, 2020 IL 124807, ¶ 17; see U.S. Const., amend. XIV, § 1, Ill. Const. 1970, art. I, § 2. Section 2-1401 "provides a statutory mechanism for vacating final judgments older than 30 days," which is a civil remedy and is thus "governed by the usual rules of civil practice." *Stoecker*, 2020 IL 124807, ¶ 18. Under these rules, "basic notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *Stoecker*, 2020 IL 124807, ¶ 20.

¶ 27        Here, the trial court gave defendant an opportunity to file a response to the State's motion to dismiss. After the State filed its reply, the court asked defendant if he would like to file a written reply, and defendant declined, stating, "No, I'll pass on that; I'll just go with the written motion that I already submitted and the response." Under these circumstances, defendant was given notice and an opportunity to respond to the State's motion to dismiss and its reply. Defendant's appellate counsel is therefore correct that she could not make a nonfrivolous argument about defendant's notice and opportunity to be heard.

¶ 28                          2. *Appointment of Counsel*

¶ 29          An individual "seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel." *Stoecker*, 2020 IL 124807, ¶ 35. Nor does a petitioner have an "express statutory right to the assistance of counsel when filing a section 2-1401 petition collaterally attacking a judgment," unlike when filing a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2022)). *Stoecker*, 2020 IL 124807, ¶ 36. Consequently, "the circuit court is not obligated to appoint counsel in connection with the filing of a section 2-1401 petition, but circuit courts have appointed counsel in these proceedings pursuant to the circuit court's exercise of its discretion." *Stoecker*, 2020 IL 124807, ¶ 36. "A trial court commits error when it refuses to exercise that discretion based on the erroneous belief that it does not have discretion." (Internal quotation marks omitted.) *People v. Kane*, 2013 IL App (2d) 110594, ¶ 21.

¶ 30          In this case, the trial court recognized that it had discretion to appoint counsel for defendant but declined to do so. We cannot say that the court abused its discretion in refusing to appoint counsel in this specific case, where defendant coherently presented his argument to the court and it was clearly not meritorious based on established case law.

¶ 31                      3. *Ex Parte Communications With the State*

¶ 32          Appellate counsel lastly states that she considered whether the trial court engaged in improper *ex parte* communications with the State where the court, after bidding defendant a good day, asked the State whether it had "raise[d] statute of limitations in [its] response or [its] motion to dismiss?" Counsel notes that it is unclear whether defendant's video feed was terminated prior to this exchange.

¶ 33          Under the Illinois Code of Judicial Conduct of 2023 (Code of Judicial Conduct), "[a] judge shall not initiate, permit, or consider *ex parte* communications *** concerning a pending

or impending matter." Ill. Code Jud. Conduct (2023), Canon 2, R. 2.9(A) (eff. May 17, 2023). There are a few specific exceptions, including for "scheduling, administrative, or emergency purposes, which does not address substantive matters," as long as "the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication" and "the judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication and gives the parties an opportunity to respond." Ill. Code Jud. Conduct (2023), Canon 2, R. 2.9(A)(1)(a)-(b) (eff. May 17, 2023). Additionally, the Code of Judicial Conduct provides that judges "shall avoid impropriety and the appearance of impropriety." Ill. Code Jud. Conduct (2023), Canon 1, R. 1.2 (eff. Jan. 1, 2023).

¶ 34    This issue implicates defendant's due process rights. See *People v. Lindsey*, 201 Ill. 2d 45, 55 (2002) ("The right to be present [at trial and all critical stages of the proceedings] is not an express right under the United States Constitution, but is implied, arising from the due process clause of the fourteenth amendment.") In *Stoecker*, as appellate counsel notes, the trial court dismissed a petition for relief from judgment under section 2-1401 at a hearing at which only the State was present, as the petitioner's counsel was not notified of the proceeding or given a reasonable opportunity to respond to the State's motion to dismiss. *Stoecker*, 2020 IL 124807, ¶ 10. Ultimately, however, the supreme court held that any error was harmless where the "petitioner's claims were procedurally defaulted and patently incurable as a matter of law and because no additional proceedings would have enabled him to prevail on his claim for relief." *Stoecker*, 2020 IL 124807, ¶ 26.

¶ 35    Here, the trial court's comments were improper under the Code of Judicial Conduct of 2023, regardless of defendant's presence or absence. If defendant was no longer present, the court's comments were *ex parte* communications that addressed substantive matters and could

have given the State a "procedural, substantive, or tactical advantage" because the court essentially advised the State about its best course of action. Ill. Code Jud. Conduct (2023), Canon 2, R. 2.9(A)(1)(a) (eff. May 17, 2023). Even if defendant was still present, the court's comments created an appearance of impropriety by making it seem partial to the State. However, ultimately, the court's comments did not have a prejudicial effect on this case, as the State's original motion to dismiss had already raised the statute of limitations. Moreover, as in *Stoecker*, defendant's claim was incurable as a matter of law, for the reasons discussed above. Any error was thus harmless.

¶ 36 After examining the record, we agree that the issues counsel identifies lack arguable merit, and we have identified no other arguably meritorious issues. We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

¶ 37                                III. CONCLUSION

¶ 38 For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 39 Affirmed.